**AFFIRM; and Opinion Filed April 19, 2013.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-11-01441-CR**

**PATRICK ALLEN BENTLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-82568-09**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

Appellant Patrick Allen Bentley appeals his conviction for aggravated sexual assault of a child and indecency with a child. In his sole issue, appellant argues that the trial court committed reversible error by admitting a photograph into evidence. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

## BACKGROUND

Appellant pled not guilty to two counts of aggravated sexual assault of a child and one count of indecency with a child.[1] His case was tried to a jury. Complainant was seven years old at the time of trial and the daughter of appellant's former girlfriend. She testified that, when she was four years old, "Rick"[2]—who used to live with her, her mother, and her brother—"made [her] touch his inappropriate thing" and "scrub it" with her hands while he was in a bathtub with her "helping [her] take a bath." Complainant also testified that appellant put his "inappropriate thing" "in [her] back inappropriate spot" three times while they were in the bathtub and that "[i]t hurt" and she "started screaming." On cross examination, complainant testified that the "inappropriate thing" that she scrubbed had black hair "on it." During the trial, the State played for the jury a forensic interview of complainant conducted when she was four years old by child protective services. In the forensic interview, complainant stated that Rick was Patrick Bentley. She also stated that, in the office at her home, "Rick made [her] touch his thing" and "he made [her] scrub it and [she] didn't like it" and "[i]t had hair on it."

The State sought to admit a photograph of appellant nude in a bathtub with his nude infant son. Appellant's penis and pubic hair were visible in the photograph. The State first offered the photograph to establish that appellant had previously colored his hair black. Complainant testified that Rick had black hair. The defense objected that the photograph was inadmissible under rule of evidence 403. *See* TEX. R. EVID. 403. The State attempted to address the defense's objection by asking complainant's mother questions concerning the color of appellant's pubic hair and again offered the photograph. The court sustained the defense's rule 403 objection.

---

[1] Appellant was also originally charged with indecent exposure to a child, but the State abandoned this count prior to appellant's arraignment.

[2] Complainant did not identify appellant in court. Complainant's mother testified that complainant called appellant Rick.

Later, when the defense cross-examined complainant's mother, the following exchange took place:

[Defense]: And [complainant] described the person who she said she scrubbed the penis of to have, and this is in her words, but the pubic area was hairy and gross. That's what she said, wasn't it?

[Witness]: Yes.

[Defense]: And, in fact, she mentioned hairy quite a few times, didn't she?

[Witness]: Yes.

[Defense]: Being hairy down there was significant to her, at least in her recollection of what happened to her?

[Witness]: Yes.

[Defense]: Isn't it a fact that when it came to being hairy down in the pubic area, there was something just a little bit different about Patrick? Namely, back in 2009 when you were living at the house, he shaved his pubic hair, didn't he?

[Witness]: On and off, but it wasn't on a consistent basis.

[Defense]: So he would shave it and then—

[Witness]: And grow it out.

[Defense]: —it would grow out a bit and he would shave it some more, right?

[Witness]: When he felt like it, yes; but it would get rather long.

[Defense]: Well, is it a fact, though, that he shaved it?

[Witness]: Every so often, but I couldn't tell you exactly when. But he would let it get out of control and then he would shave it; and then he would let it get out of control, and then he would shave it, yes.

[Defense]: So out of control meaning that it would grow back to some extent?

[Witness]: Yes.

[Defense]: Also, to put this in kind of a delicate kind of a way, as it came down to Patrick Bentley and how well endowed he was as far as a penis was concerned, you would say it was rather large, wasn't it?

[Witness]: It depends on what you are comparing him to.

–3–

[Defense]: Well, if you compare it to most men.

[Witness]: No.

[Defense]: No?

The Court: Anymore questions, Mr. Farkas?

[Defense]: Just one moment. Just checking to see if there is anything.

I have nothing further. I pass the witness.

The Court: Okay. Ms. Miller.

[State]: Thank you, Your Honor. May I?

The Court: Yes, ma'am.

[State]: And at this time the State would tender and offer again State's Exhibit Number 7.

The Court: Mr. Farkas.

[Defense]: Object under 403, Your Honor.

The Court: It is overruled. It is admitted.

The jury convicted appellant of one count of aggravated sexual assault of a child and assessed punishment at forty-five years in prison and a $10,000 fine, and convicted appellant of one count of indecency with a child and assessed punishment at twenty years' imprisonment and a $10,000 fine. The jury found appellant not guilty of the second count of aggravated sexual assault of a child. On appeal, appellant argues that the trial court erred in admitting the photograph because the probative value of the photograph was substantially outweighed by the danger of unfair prejudice in violation of rule of evidence 403.

## APPLICABLE LAW AND STANDARD OF REVIEW

Under rule 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

by considerations of undue delay or needless presentation of cumulative evidence. TEX. R. EVID. 403. Rule 403 carries a presumption that relevant evidence will be more probative than prejudicial and favors the admission of relevant evidence. *Gallo v. State*, 239 S.W.3d 757, 762 (Tex. Crim. App. 2007). When the evidence is a photograph, if the photograph has elements that are genuinely helpful to the jury in making its decision, the photograph is inadmissible only if the helpful aspects are substantially outweighed by the emotional and prejudicial aspects. *Erazo v. State*, 144 S.W.3d 487, 491–92 (Tex. Crim. App. 2004).

Our analysis under rule 403 includes, but is not limited to, the following factors: (1) the probative value of the evidence, (2) the potential to impress the jury in some irrational yet indelible way, (3) the time needed to develop the evidence, and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). In determining whether the probative value of a photograph is substantially outweighed by the danger of unfair prejudice, relevant factors include "the number of exhibits offered, their gruesomeness, their detail, their size, whether they are in color or black-and-white, whether they are close-up, whether the body depicted is clothed or naked, the availability of other means of proof, and other circumstances unique to the individual case." *Williams v. State*, 301 S.W.3d 675, 690 (Tex. Crim. App. 2009).

We review the trial court's ruling on the admissibility of a photograph under an abuse of discretion standard and will not reverse the trial court's ruling unless it falls outside the zone of reasonable disagreement. *See Young v. State*, 283 S.W.3d 854, 874 (Tex. Crim. App. 2009).

## ANALYSIS

Applying these factors, and considering the form, content, and context of the photograph first, it is unclear from the record how large the original photograph was and whether the

photograph was in color or black-and-white. The appellate record contains a black-and-white copy of the photograph that is approximately eight and a half by eleven inches. The sponsoring witness for the photograph, the complainant's mother, testified that it was a "bad picture[,]" presumably meaning that the quality of the photograph was poor. The photograph was a somewhat close-up depiction of appellant with his infant son in a water-filled bathtub. Both were naked and defendant's pubic hair was apparent. The photograph was not gruesome.

The photograph was one of three photographs offered by the State and admitted into evidence. One of the other two photographs depicted complainant. The State offered the second of the other two photographs to establish that appellant previously dyed his hair black. It depicted appellant's face, neck, and shoulders. Appellant had a shirt on and black hair.

**Probative Value of the Evidence**

Appellant argues that the photograph at issue had no probative value because (1) another photograph admitted into evidence established that appellant previously had black hair and (2) the photograph at issue did not prove or support testimony concerning the color of appellant's pubic hair or the relative size of appellant's penis because the quality of the photograph made it "impossible to tell" the color of his pubic hair or the size of his penis. The State argues that the photograph was probative of whether appellant's penis was hairy and, as a result, was relevant and material to identifying appellant as the perpetrator. The State argues that, because complainant could not identify appellant in open court or remember his last name during her testimony and referred to him only as "Rick" but repeatedly described her perpetrator's penis as being hairy, the photograph rebutted appellant's defensive theory that, because appellant shaved his pubic hair, complainant imagined the assault or another man was the perpetrator. We agree with the State.

During cross examination of complainant, the defense raised the issue of whether appellant's penis was hairy.

[Defense]: . . . You didn't say it today, but I don't think anyone asked you, the inappropriate thing that you say you scrubbed, was that hairy?

[Complainant]: Yes.

[Defense]: Really very hairy; lots of hair?

[Complainant]: No.

[Defense]: There was hair, though?

[Complainant]: Yeah.

[Defense]: Yes?

[Complainant]: Yes.

[Defense]: And was it on the inappropriate thing or around it, or where was it?

[Complainant]: It was on it.

[Defense]: On it.  Okay.  What color was the hair; do you remember?

[Complainant]: Black.

[Defense]: Black.

You said that your daddy lives with you?

[Complainant]: Yeah.

. . . .

[Defense]: What color is your daddy's hair?

[Complainant]: Black.

[Defense]: Black.

On cross examination of complainant's mother, the defense sought to establish that appellant could not have been the perpetrator because appellant's penis was not hairy because he

shaved his pubic hair. The defense asked complainant's mother whether complainant's father was "particularly hairy or not" and to describe the hair on his body. The defense then asked her about complainant's description of her perpetrator's penis as hairy and about appellant's practice of shaving his pubic hair. In addition, the defense repeatedly sought to establish this defensive theory founded upon appellant's alleged lack of pubic hair during its questioning of other witnesses, through the admission of a photograph of appellant's groin area when it was cleanly shaven, and in its closing argument.

We conclude that the photograph was relevant and material to rebutting appellant's defense that appellant was not the perpetrator because his penis was not hairy or that complainant imagined the assault. The probative value of the photograph weighs in favor of admissibility.

### Potential to Impress the Jury in Some Irrational Yet Indelible Way

Appellant argues that the admission of the photograph showing appellant naked with another child in a bathtub "does nothing *but* impress the jury in an irrational, indelible way" because complainant testified at trial that appellant perpetrated these offenses when she and appellant were in a bathtub together when she was four years old. Appellant asserts that the photograph "in no way helps to establish" the location or timeline relative to the alleged offenses and that the "sole purpose" of the photograph was to "appeal to the jury's emotion" and lead to "an irrational verdict." The State argues that the photograph did not inherently cause the jury to decide a material issue on an improper, emotional basis because the photograph did not depict appellant in an inflammatory manner and showed appellant holding his infant son who is calm and content.

We agree with the State that this image was unlikely to impress the jury in some irrational yet indelible way. Although the photograph depicted appellant in a bathtub with his infant son and although complainant testified that the offenses occurred when appellant and she were in a bathtub, the photograph did not depict questionable conduct or sexual arousal by appellant. In addition, the jury charge included a limiting instruction for the count of indecency with a child that minimized the potential for the image of appellant in a bathtub with another child to have an improper influence on the jury.[3] *See Chaddock v. State*, 203 S.W.3d 916, 924 (Tex. App.—Dallas 2006, no pet.). This factor weighs in favor of admissibility.

## Time Needed to Develop the Evidence

Appellant argues that, although the State did not spend a great deal of time relative to the rest of the trial introducing the photograph, "a tremendous amount of attention was given" to introducing the photograph. Appellant asserts that, because the State offered the photograph three times and "spent time asking questions about the child in the photo[,]" this factor weighs in favor of excluding the photograph. The State argues that, even though the State offered the photograph three times, the amount of time needed to develop the evidence was minimal. We agree with the State.

---

[3] The jury charge stated:

You must not find the defendant guilty of Count III [indecency with a child] unless you all agree that the State has proved that the defendant committed that offense when [complainant] and the defendant were in the office. Any evidence that the defendant may have committed the alleged offense at any other place is not sufficient for you to find him guilty of Count III.

You are instructed that any evidence that the defendant may have committed the alleged offense of Indecency with a Child at a place other than in the office cannot be considered for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed. Even then you may only consider the same in order to determine the following:

1. the intent of the defendant in connection with any alleged offenses;

2. the state of mind of the defendant and [complainant]; or

3. the previous and subsequent relationship between the defendant and [complainant].

In the State's first attempt, the State laid the predicate to admit the photograph simultaneously with another exhibit. The State asked complainant's mother four questions concerning the photograph, and another two questions concerning both exhibits. After appellant objected under rule 403, the State asked complainant's mother an additional six questions in an attempt to lay a predicate to admit the photograph. In the State's third, and successful, attempt to admit the photograph, the State did not lay any further predicate but offered the photograph in response to the defense's cross examination of complainant's mother concerning whether appellant's penis was hairy and its size. This third factor weighs in favor of admissibility.

### Proponent's Need for the Evidence

To determine whether the proponent had a substantial need for evidence, we address (1) whether the proponent had other available evidence to establish the fact of consequence that the photograph was relevant to show, (2) if so, how strong that other evidence was, and (3) whether the fact of consequence was related to a disputed issue. *See Erazo*, 144 S.W.3d at 495–96.

Appellant argues that the State did not need the photograph because another admitted photograph established that appellant had previously dyed his hair black. Appellant also argues that the photograph was not evidence of the size of appellant's penis because the poor quality of the photograph made it "impossible" for the jury to determine appellant's penis size. Appellant contends that his sitting in a bathtub nude while holding a child "had nothing to do with" the alleged offenses and did not assist the jury in their determinations.

The State argues that it had a substantial need for the photograph to establish that appellant did not always have cleanly-shaven pubic hair, an issue that appellant put into dispute. The State asserts that this issue of appellant's "pubic grooming habits" concerned essential elements of the offenses: whether an assault occurred and, if so, who the perpetrator was. The

State argues that, without the photograph—which "was taken around the time of the assault and prior to [complainant's] outcry"—the State's ability to rebut the false impression appellant created "that he *always* had a clean-shaven groin area" was "highly limited" and confined to testimony by complainant's mother. The State contends that—unlike the photograph—her testimony as "a witness highly intertwined in the case" was subject to claims of fabrication or bias.

We agree with the State that the State had a substantial need for the photograph to establish a fact of consequence concerning appellant's grooming habits that related to the disputed issue of whether an assault took place and, if so, whether appellant was the perpetrator of the assault. There was no other evidence in the record, other than testimony by complainant and her mother, to establish that appellant's pubic hair was not consistently cleanly shaven. And the defense sought to discredit their testimony by repeatedly focusing on complainant's description of her perpetrator's penis as having hair on it and appellant's supposed practice of shaving his groin area. Like the three factors discussed above, this fourth factor weighs in favor admissibility.

We conclude, based on these factors, that the photograph was relevant and that its probative value was not outweighed by the danger of unfair prejudice. As a result, we further conclude that the trial court did not abuse its discretion by admitting the photograph.[4] We resolve appellant's sole issue against him.

---

[4] Because of our resolution of this issue, we do not reach the State's argument that any error in admitting the photograph was harmless.

## CONCLUSION

We resolve appellant's issue against him and affirm the trial court's judgment.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

111441F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

PATRICK ALLEN BENTLEY, Appellant

No. 05-11-01441-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-82568-09.
Opinion delivered by Justice Lang-Miers, Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of April, 2013.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

–13–